**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| RASHIDA NAJMUDDIN KATCHI; et al.,<br><br>　　　　　　　Petitioners,<br><br>　v.<br><br>ERIC H. HOLDER, Jr., Attorney General,<br><br>　　　　　　　Respondent. | No. 10-72228<br><br>Agency Nos. A096-068-443<br>　　　　　　 A096-068-444<br>　　　　　　 A096-068-445<br>　　　　　　 A096-068-446<br><br>MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted September 10, 2012[**]

Before:　　WARDLAW, CLIFTON, and N.R. SMITH, Circuit Judges.

　　Rashida Najmuddin Katchi, Najmuddin Gulamali Katchi, and their two sons,

natives and citizens of India, petition for review of the Board of Immigration

Appeals' ("BIA") order dismissing their appeal from an immigration judge's ("IJ")

---

　　[*]　　This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

　　[**]　　The panel unanimously concludes this case is suitable for decision without oral argument.　*See* Fed. R. App. P. 34(a)(2).

removal order. Our jurisdiction is governed by 8 U.S.C. § 1252. We review de novo questions of law. *Martinez-Rosas v. Gonzales,* 424 F.3d 926, 930 (9th Cir. 2005). We deny in part and dismiss in part the petition for review.

Petitioners contend that the IJ violated due process by relying on the Form I-213, Record of Deportable/Inadmissible Alien, to find them ineligible for the relief requested without allowing them an opportunity to address the contents of the Form. Petitioners' contention is not supported by the record, and the proceedings were not "so fundamentally unfair that they were prevented from reasonably presenting their case." *Colmenar v. INS*, 210 F.3d 967, 971 (9th Cir. 2000) (citation omitted).

We lack jurisdiction to consider Najmuddin Gulamali Katchi's claim that the contents of the Form I-213 reflect a "misunderstanding" between him and an immigration officer, because he failed to raise that claim before either the IJ or the BIA, and thereby failed to exhaust his administrative remedies. *See Barron v. Ashcroft*, 358 F.3d 674, 678 (9th Cir. 2004).

**PETITION FOR REVIEW DENIED in part; DISMISSED in part.**